PER CURIAM:
*86 The claimant asserts a three-count claim alleging negligence on the part of the respondent as the cause of her loss of the following items of personal property: (1) one pair of contact lenses, (2) one pillow case, and (3) one pair of eye glasses. The claimant requests that the respondent provide the eye glasses to the claimant as a remedy for the loss of her contact lenses.
During the month of April 1990, the claimant was incarcerated at Pruntytown Correctional Center, a facility of the respondent. On April 4, 1990, the claimant was transported to Broaddus Hospital. During this hospital visit, the claimant alleges that her contract lenses may have been removed or otherwise lost by the hospital’s housecleaning staff when her room was cleaned. The claimant testified that she placed the lenses in a lens case on the nightstand beside her bed in her private room. The lens case was missing from the nightstand on the following morning. Medical personnel and guards were unable to find or locate the lens case or the lenses. The claimant alleges that the replacement cost of a new set of lenses is $225.00 plus $60.00 for an eye examination and fitting. The claimant further alleges that eye glasses would cost $120.00 for the lenses and $130.00 for the frames.
The pillow case alleged to have been misplaced by the respondent was a standard white pillow case with brown stripes brought by the claimant to the hospital. It was removed from her possession by guards and was not returned to claimant when she left the hospital.
The Court is of the opinion that negligence on the part of the respondent for the loss of contact lenses has not been established by a preponderance of the evidence. The loss of the lenses was not the fault of the respondent. The lenses were not in the custody and control of the respondent.
As to the claim for the replacement cost of the pillow case, the claim is too minor for the Court to recognize as justiciable. De minimus non curat lex. The law does not bother with trifles.
The request for replacement eyeglasses is a matter not within the jurisdiction of the Court of Claims. If the claimant believes she has been denied access to medical care, that is a matter to be governed by 42 U.S.C. 1983, an action not within the jurisdiction of the Court of Claims.
Accordingly, this claim must be denied.
Claim disallowed.